IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER WILSON, ) | No. C 06-2242 JSW (PR) |
| Petitioner, ) | |
| vs. ) | **ORDER TO SHOW CAUSE** |
| ROSEANNE CAMPBELL, Warden, ) | |
| Respondent. ) | (Docket No. 2) |

## INTRODUCTION

Petitioner, a prisoner of the State of California, currently incarcerated at Mule Creek State Prison in Ione, California, has filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging the constitutional validity of his state conviction. Petitioner has also filed a motion to proceed *in forma pauperis*, which is now GRANTED (docket no. 2). This order directs Respondent to show cause why the petition should not be granted.

## BACKGROUND

According to the petition, Petitioner was convicted after trial in Santa Clara County Superior Court of first degree murder and a weapon violation and sentenced to life without the possibility of parole and a consecutive one year term in state prison. Petitioner appealed his conviction to the California Court of Appeal which denied the appeal in 2000. The Supreme Court of California denied his petition in 2004. Petitioner filed the instant federal habeas petition on March 30, 2006.

**DISCUSSION**

I     <u>Standard of Review</u>

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id.* § 2243.

II    <u>Legal Claims</u>

The petition raises the following ground for relief: (1) the Court improperly admitted DNA evidence in violation of Petitioner's Sixth Amendment right to a fair trial; (2) Petitioner's right to due process was violated by the trial court's admission of perjured testimony, prosecutorial misconduct in offering certain testimony from the witness and ineffective assistance of counsel in failing to properly object to its admission; (3) the Court violated Petitioner's right to a fair trial in admitting certain evidence; (4) the Court improperly excluded certain exculpatory evidence from the crime scene; and (5) cumulative error. Petitioner's claim regarding a Fourth Amendment violation by the trial court in failing to suppress evidence is barred by *Stone v. Powell*, 428 U.S. 465, 481-82, 494 (1976), as Petitioner does not contend that the state did not provide an opportunity for full and fair litigation of those claims in state court.

Liberally construed, it does not appear from the face of the petition that Petitioner is not entitled to relief as to Petitioner's other claims. Accordingly, Respondent is ordered to respond to the petition as set forth below.

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1. The Clerk shall serve by certified mail a copy of this order and the petition, and

2

all attachments thereto, on Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk also shall serve a copy of this order on Petitioner.

2. Respondent shall file with the Court and serve on Petitioner, within **sixty (60)** days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition. If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within **thirty (30)** days of his receipt of the answer.

3. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **thirty (30)** days of receipt of the motion, and Respondent shall file with the Court and serve on Petitioner a reply within **fifteen (15)** days of receipt of any opposition.

4. It is Petitioner's responsibility to prosecute this case. Petitioner must keep the Court informed of any change of address by filing a separate paper captioned "Notice of Change of Address." He must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b)

IT IS SO ORDERED.

DATED: August 31, 2006

JEFFREY S. WHITE
United States District Judge