IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| PETER WILSON, | ) | No. C 06-2242 JSW (PR) |
| Petitioner, | ) | |
| | ) | **ORDER DENYING MOTION TO STAY, REGARDING PENDING MOTIONS AND INSTRUCTIONS TO THE CLERK** |
| vs. | ) | |
| ROSEANNE CAMPBELL, Warden, | ) | |
| Respondent. | ) | |
| | ) | |

      Petitioner, a prisoner of the State of California, currently incarcerated at Calipatria State Prison in Calipatria, California, filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging the constitutional validity of his state conviction. On August 31, 2006, this Court ordered Respondent to show cause why the writ should not issue (docket no. 3). Thereafter, on October 19, 2006, Petitioner filed a document of several hundred pages with the Court, which did not bear a title, but stated in the text of the cover letter that "I also file a motion to stay the federal petition pending exhaustion of my state claims." This document is paginated starting with the number "135" and is apparently intended to follow the initial petition, which ends with the pagination number "132", but includes several unnumbered additional pages after that.

      The Court has reviewed the document that Petitioner submitted to the Court dated October 19, 2006, but is unable to locate any allegations in support of the motion or anything referring to a motion to stay the petition other than the aforementioned cover page. Therefore, it is unclear whether Petitioner inadvertently failed to include the motion with the documents, or whether Petitioner intended that the motion was solely the

language included above, unsupported by any allegations.  The Clerk of Court is directed to file the document received by the Court as a motion, and to terminate the motion as decided by this order.

On February 27, 2007, Respondent filed a motion to dismiss the petition as untimely with the Court (docket no. 13).  Petitioner filed a letter with the Court, which detailed difficulties in filing a timely response, and an opposition to the motion on April 9, 2007 (docket no. 15).  On the affidavit of service attached thereto, Plaintiff informs the Court that he has not served the opposition on Respondent on requests that the Court do so.  Because Respondent has not received the opposition, the Clerk of Court shall send Respondent a copy of Petitioner's opposition (docket number 15) and Respondent is ordered to file a reply to the opposition within 15 days of receipt of this order.

While the Court has made an exception here, Petitioner is informed that henceforth it is his obligation to serve any papers that are filed in this Court on Respondent.  If he does not have access to a copy machine, he can send Respondent a duplicate copy of the original created by hand.  The Court will not consider any documents that have not been served on Respondent.

With regard to Petitioner's motion filed on October 19, 2006, it appears that Petitioner is seeking to stay the instant petition and to hold it in abeyance while he exhausts the additional unexhausted claims in the state courts.  It also appears that Petitioner has submitted a document that is intended to follow the original petition submitted in this case, adding additional claims to the previously filed petition.

Petitioner is hereby informed that he cannot amend the petition by submitting partial documents for the Court to attach to an earlier filed petition.  An amended petition supercedes the original petition, *see London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981), and the Court cannot cull claims from two separate petitions into one.  However, Petitioner need not file a complete amended petition at this time, as the motion

to stay and hold the petition in abeyance must be denied for the reasons set forth below.

A district court may stay a petition pending a petitioner's exhaustion of additional claims, with the intention of allowing an amendment after exhaustion to add the newly exhausted claims. *See Rhines v. Webber*, 125 S. Ct. 1528, 1535 (2005); *Kelly v. Small*, 315 F.3d 1063, 1070 (9th Cir. 2003); *Calderon v. United States Dist. Court (Taylor)*, 134 F.3d 981, 989 (9th Cir. 1998). However, under *Rhines*, a district court is only authorized to hold a petition in abeyance in limited circumstances. In order to be granted a stay and abeyance, a habeas petitioner must first establish: (1) good cause for his failure to previously exhaust the claims; and (2) that the additional claims he seeks to exhaust in state court are "potentially meritorious." *See Rhines*, 125 S. Ct. at 1535. Petitioner has not established that he is entitled to a stay under the standard set forth in *Rhines*; it does not appear that Petitioner provided any allegations in support of the motion.

However, given that a motion to dismiss the petition as untimely is currently pending before the Court, Petitioner's request for a stay is DENIED without prejudice to filing such a motion after the Court's resolution of the pending motion to dismiss the petition. If the motion to dismiss as untimely is denied, Petitioner may file another such motion supported by the requisite factual allegations and an amended petition including all his claims within thirty days of the Court's order deciding the motion to dismiss. If Petitioner fails to do so within thirty days, the Court will proceed on the claims currently before it.

Because Petitioner's filings are hand-written, the Court further requests that in any future Court filings, Petitioner make the text larger and provide more space between lines of text, so that they are easier to read. Petitioner is further cautioned that if he fails to identify his filings with the title "motion" next to the docket number identifying them as such, the Court may not be aware that he is seeking judicial intervention.

3

1  IT IS SO ORDERED.
2  DATED: May 14, 2007

   _____
   JEFFREY S. WHITE
   United States District Judge

4